```
_____FILED    _____ENTERED
_____LODGED   _____RECEIVED

        JAN 1 3 2009    DJ
              AT SEATTLE
       CLERK U.S. DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
                                  DEPUTY
```

SEA 23176 SCyS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

TIKVA WOLFF,

        Plaintiff,

v.

HOLLAND AMERICA LINES, INC. a Washington corporation, and COREA & CO., LTD., dba COREA'S CARRIBEAN ADVENTURES, a foreign company,

        Defendants.

Cause No. CV9 0050 RAJ

COMPLAINT FOR DAMAGES



09-CV-00050-CMP

Plaintiff alleges for her causes of action as follows:

1. Plaintiff is a resident of Connecticut. Defendant Holland America Lines, Inc. ("HAL") is a Washington corporation which has its principle place of business in Seattle, Washington.

2. Defendant Corea & Co., Ltd. dba Corea's Caribbean Adventures ("Corea") is a foreign company.

COMPLAINT FOR DAMAGES - 1

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504

3. This Court has subject matter jurisdiction under admiralty jurisdiction, as well as under diversity jurisdiction.

## I. OPERATIVE FACTS

1. In January 2008, Plaintiff was a fare-paying passenger on the M/S NOORDAM on a Caribbean cruise. While a passenger on this cruise ship, defendant HAL advertised various shoreside excursions to plaintiff and other passengers. HAL offered tickets for and sold these shoreside excursions on the vessel.

2. The vessel made port in St. Vincent, British Virgin Islands.

3. The vessel had an onshore excursion booth that advertised the shoreside excursion trips, and HAL employees promoted and sold shoreside excursions on the vessel.

4. When HAL sells its shoreside excursions, it gives them the stamp of approval because Holland America advertises itself as "the gold standard" for cruise lines. HAL selects the tour operators available to its cruise ship passengers, and represents that the shoreside tour operators are solid and dependable companies with excellent safety records. HAL advertises onshore excursions on its website from HAL's corporate headquarters in Seattle, Washington. Based on these advertisements and sales activities, HAL's passengers (including plaintiff) believe that the shoreside excursions are approved or operated by HAL.

5. HAL exercises control over the tour operators which HAL promotes to its cruise ship passengers. For example, HAL requires that all tour operators carry significant insurance coverage, and that they provide HAL with an insurance

COMPLAINT FOR DAMAGES - 2

certificate demonstrating such insurance coverage. These supervisorial actions are done from HAL's corporate headquarters in Seattle, Washington.

6. Corea is one such HAL-approved shoreside tour operator. HAL and Corea established their business relationship through contacts from HAL's corporate headquarters in Seattle, Washington.

7. HAL obtains a substantial markup on the tickets for shoreside excursions which HAL sells to its passengers, including those offered by Corea herein and sold to plaintiff.

8. On or about January 30, 2008, plaintiff purchased a tour conducted by Corea while onboard the HAL cruise ship, M/S NOORDAM.

8. Plaintiff then went on the Corea tour.

9. In rough seas, while on this tour, plaintiff was dropped into the sea. Plaintiff nearly drowned and sustained a severe fracture of her wrist. As a result of her injuries, plaintiff received medical care and treatment.

## II. FIRST CAUSE OF ACTION – NEGLIGENCE

1. Plaintiff realleges the above allegations as though fully set forth herein.

2. Defendants were negligent in their operation of the tour operation, including, without limitation, the attempted transit of plaintiff from the Corea vessel to the shore.

3. As a proximate result of defendants' negligence, plaintiff sustained personal injuries.

4. Plaintiff has sustained special damages in an amount to be proved at trial as a result of her injuries.

COMPLAINT FOR DAMAGES - 3

5. Plaintiff has sustained general damages in an amount to be proved at trial as a result of her injuries.

### III. SECOND CAUSE OF ACTION – NEGLIGENT HIRING AND SUPERVISION

1. Plaintiff realleges the above allegations as though fully set forth here.

2. Based on the above facts, HAL had a duty to its fare-paying passengers to properly select and supervise Corea to ensure that the shoreside excursions were conducted safely and properly.

3. HAL breached this duty and is accordingly negligent. As a result of HAL's negligence, plaintiff sustained personal injuries. As a proximate result of HAL's negligence, plaintiff sustained special and general damages in an amount to be proved at trial.

### IV. PRAYER FOR RELIEF

Plaintiff has set forth her claims, and seeks the following relief herein:

1. For an award of special damages in an amount to be proved at trial;

2. For an award of general damages in an amount to be proved at trial;

3. For an award of interest and attorneys fees as may be allowed by law;

4. For such other and further relief as the Court deems fair, just and equitable.

DATED this 9th day of January, 2009.

SULLIVAN & THORESON

By: _____
Kevin P. Sullivan, WSBA #11987
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 4

<40>

IMPACT LAW GROUP

By: _____
Matthew D. Hartman, WSBA #33054
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 5

SULLIVAN & THORESON
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 4600
SEATTLE, WASHINGTON 98104
(206) 903-0504