THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIKVA WOLFF,

        Plaintiff,

v.

HOLLAND AMERICA LINES, INC., et al.,

        Defendants.

NO. 09-50RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendant's motion for summary judgment (Dkt. # 12). Neither party requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court GRANTS the motion (Dkt. # 12).

## II. BACKGROUND

Plaintiff Tikva Wolff took a Caribbean cruise on a ship owned by Defendant Holland America Lines, Inc. ("Holland America"). While the ship was at a port call, Wolff participated in an off-ship excursion called "Aqua Terra," operated by Defendant Corea & Co., Ltd. ("Corea"). Corea is an independently owned foreign company that operates excursions for multiple cruise lines. Holland America has no

ORDER - 1

affiliation or ownership interest in Corea, and Holland America does not participate in or exert any control over Corea's operations. *See* Arundell Decl. (Dkt. # 13) ¶ 3.

Ms. Wolff's cruise ticket contains the following limitation of liability provision:

> As to your Cruise tour and [Holland America] Land Trips, certain transportation will be provided using equipment owned or operated by us. All other transportation, shore excursions, accommodation and services in the air and on shore (referred to as "Non-[Holland America] Services") are performed by third parties who are independent contractors, and not by us. By way of example only, Non-[Holland America] Services include goods and services provided by . . . tour operators (other than us), helicopter operators, amusement park operators, dayboat operators and motorcoach operators. As a result, you are assuming the entire risk of utilizing Non-[Holland America] Services subject only to whatever terms or arrangements are made by you on your behalf with the third party furnishing the Non-[Holland America] Service. Money received in respect of Non-[Holland America] Services by us is received by us only as an independent contractor, to be paid to the third party (less retained commission, if any).

Arundell Decl., Ex. B at 19.

As part of the Aqua Terra excursion, Corea transported Ms. Wolff via catamaran. Toward the end of the excursion, Ms. Wolff fell off the catarmaran, landed in the ocean, and injured her left wrist. Ms. Wolff sued both Holland America and Corea,[1] asserting claims of negligence and negligent hiring/supervision. Holland America has moved for summary judgment.

## III.     ANALYSIS

**A.     Legal Standards on Summary Judgment.**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

---

[1] From the court's review of the docket, it appears that Ms. Wolff has not served the summons and complaint on Corea. *See* Def.'s Mot. (Dkt. # 12) at 2 n.1.

ORDER - 2

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets that initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). No genuine issue of fact for trial exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*, 477 U.S. at 249.

**B.  The Plaintiff's Negligence Claim is Barred by the Limitation of Liability Provision and/or Fails as a Matter of Law.**

Ms. Wolff's first cause of action is a negligence claim. In its summary judgment motion, Holland America argued that Ms. Wolff's negligence claim is barred by the limitation of liability provision in her cruise ticket contract, whereby Holland America disclaimed liability for injuries sustained during non-Holland America activities. To support this argument, Holland America cites three cases: *Dubret v. Holland America Line Westours, Inc.*, 25 F. Supp. 2d 1151, 1153 (W.D. Wash. 1998); *Henderson v. Carnival Corporation*, 125 F. Supp. 2d 1375, 1377 (S.D. Fla. 2000); *Ramage v. Forbes Intern. Inc.*, 987 F. Supp. 810, 815 (C.D. Cal. 1997).

In *Dubret*, the plaintiff was injured during an off-ship excursion operated by an independent third party; in *Henderson*, the plaintiff was injured during an off-ship excursion on a catarmaran operated by an independent third party; in *Ramage*, the plaintiff was injured during a bus excursion operated by an independent third party. In all three cases, the plaintiff's contract with the defendant contained a limitation of liability provision, expressly barring claims against the defendant for the negligence of independent third parties. *See Dubret*, 25 F. Supp. 2d at 1153; *Henderson*, 125 F. Supp. 2d at 1377; *Ramage*, 987 F. Supp. at 812. All three courts also found the

ORDER - 3

limitation of liability provision to be an enforceable bar to plaintiffs' claims against the defendants based on the third-party operators' negligence. *See Dubret*, 25 F. Supp. 2d at 1154; *Henderson*, 125 F. Supp. 2d at 1377; *Ramage*, 987 F. Supp. at 815.

Ms. Wolff contends that *Dubret*, *Henderson*, and *Ramage* are not applicable to this case, because she contends that the negligence of Holland America — not independent third-party Corea — caused her injuries. This argument somewhat contradicts the language of the complaint, where Ms. Wolff alleged that "Defendants were negligent in their operation of the tour operation, including, without limitation, the attempted transit of plaintiff from the Corea vessel to the shore." Complaint at 3.

Nonetheless, Ms. Wolff clarifies for the first time in her Opposition brief that her negligence claim against Holland America is based on statements made by a Holland America sales agent to Ms. Wolff, assuring her that the Aqua Terra excursion was "perfectly safe" and "appropriate" for her. *See* Wolff Decl. (Dkt. # 14-2) ¶ 9. According to Ms. Wolff, those statements amount to negligent misrepresentation because Holland America failed to warn Ms. Wolff of the danger involved in the excursion.

The sales agent's representations alone do not satisfy Ms. Wolff's burden on summary judgment, however. A negligent misrepresentation claim has six elements: (1) The defendant made a false statement in the course of the defendant's business; (2) the defendant knew or should have known the statement was false; (3) the defendant negligently obtained or communicated the false information; (4) the plaintiff relied on the false information; (5) the plaintiff's reliance was reasonable; and (6) the falsity proximately caused the plaintiff's damages. *See Ross v. Kirner*, 162 Wn.2d 493, 499 (2007). Ms. Wolff has not shown that the sales agent's statements were false, or that he or she knew that the statements were false: Ms. Wolff's injury does not prove in

itself the excursion was unsafe or inappropriate, or that Holland America sales agents knew or should have known beforehand that the excursion was unsafe or inappropriate. Unfortunately, injuries can and do occur even under safe conditions. Thus, because Ms. Wolff has merely alleged but not put forward any evidence to support a negligent misrepresentation claim, Holland America is entitled to summary judgment.

**C. The Plaintiff's Negligent Hiring/Supervision Claim Fails Because There is No Evidence that Holland America Breached its Duty of Care.**

The parties agree that Holland America owed Ms. Wolff a duty of care in selecting independent third parties to provide off-ship excursions. According to Ms. Wolff, Holland America breached that duty by offering an excursion wherein she would "be knocked into the surf and sustain serious injury, or that the operator could not put ashore safely, or that elderly passengers would be ordered to proceed down a gangway into the water." Pltf.'s Opp'n (Dkt. # 14) at 11.

But Ms. Wolff has submitted no evidence showing that Holland America had any reason to anticipate those events. Holland America submitted a declaration from its risk manager, stating that in the ten years before Ms. Wolff's injury that Holland America had worked with Corea, Holland America received no reports of any injuries or accidents. *See* Arundell Decl. ¶ 5. Though Ms. Wolff broadly asserts that Holland America should have "investigated the [Aqua Terra] tour, or it could have simply cancelled the tour altogether, given the rough seas" (Pltf.'s Opp'n at 10), she has not submitted any evidence that Holland America failed to investigate the excursion or take action in the face of known risks.[2] In order to withstand summary judgment, Ms.

---

[2] In fact, Ms. Wolff's expert clearly stated that he did not review the procedure by which Holland America selected Corea as a third-party operator or approved the Aqua Terra excursion for its passengers. *See* Hutchinson Decl. (Dkt. # 14-3) ¶ 12. Without any specific evidence on those issues, the court has no basis to conclude that Holland America's conduct was negligent. Mere speculation does not suffice.

Wolff needs to provide some evidence beyond speculation to support her claim for negligent hiring/supervision. Because she has not done so, Holland America is entitled to summary judgment against that claim.

## IV. CONCLUSION

For the reasons explained above, the court GRANTS Holland America's motion (Dkt. # 12).

DATED this 13th day of January, 2010.

*Richard A. Jones*
———————————————
The Honorable Richard A. Jones
United States District Judge